UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ALLEN LYNN JEFFRIES, | ) | Case No. CV 08-6181-CAS(AJW) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | PETITION WITHOUT PREJUDICE |
| A. HEDGPETH, | ) | AND WITH LEAVE TO AMEND |
| Respondent. | ) | |

Petitioner filed a petition for writ of habeas corpus by a person in state custody. As pleaded, the petition fails to raise a cognizable federal claim. Therefore, is subject to summary dismissal.[1]

The petition, which challenges a 2007 parole denial by the Board of Prison Hearings ("BPH"), alleges the following claims for relief: (1) "[e]ach ground relied upon by the BPH lack[s] support;" (2) "the Department of Corrections placed another prisoner's psych report in [petitioner]'s file;" (3) "the BPH continual denial is for more than one conviction [petitioner] do[es] not have;" and (4) "the BPH

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...."

decision is the result of unchanged criteria without objection from attorney." [Petition at 5-6].

Petitioner has failed to allege any federally cognizable claim. Moreover, even if petitioner could amend his petition to raise a federal question, it is not clear that any such federal claim has been exhausted. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

**Based upon the foregoing deficiency, the petition is dismissed without prejudice and with leave to amend. Petitioner shall, within thirty (30) days of the date of this order file either (1) a request for voluntary dismissal of the petition without prejudice[2] or (2) an amended petition curing the deficiencies noted above. If petitioner elects to file an amended petition, the petition shall be filed <u>on the</u>**

---

[2] Such a request would be appropriate if petitioner concedes that he has not exhausted any federal claim, and if he intends to return to state court to do so. In any case, petitioner should carefully note the possible application of the statute of limitations contained in 28 U.S.C. § 2244(d). The AEDPA imposed a one-year statute of limitation on habeas petitions filed by state prisoners. Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082-1083 & n. 8 (9th Cir. 2003). The decision serving as the basis for the petition (i.e., the BPH's denial of parole or the Department of Corrections's denial of petitioner's administrative appeal, if such an appeal was filed) triggered the statute of limitation. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082. The time during which a properly filed application for collateral review, for instance a state habeas petition, is pending is excluded from the one-year time limit. See 28 U.S.C. § 2244(d)(2). However, the time a federal petition, such as this one, is pending is not excluded. Duncan v. Walker, 533 U.S. 167, 174-175 (2001). Nothing in this order should be construed as rendering an opinion as to the timeliness of any future federal petition filed by petitioner.

<u>forms provided by the Clerk</u> and shall bear the case number CV 08-6181-CAS(AJW). Further, the amended petition shall include information regarding any petition for review or habeas petition filed in the California Supreme Court — including the legal and factual basis for each of the claims raised in any such petition.

Petitioner is cautioned that failure to respond to this order by filing either the request for dismissal or an amended petition within the time provided may result in a dismissal of the petition with prejudice.

IT IS SO ORDERED.

DATED: 9.25.2008

ANDREW J. WISTRICH
United States Magistrate Judge